United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUILLERMO TRUJILLO CRUZ,

Plaintiff,

v.

R. SIMPSON,

Defendant.

Case No. 22-cv-04898-HSG

**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**

Re: Dkt. No. 2

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. Dkt. No. 2. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or

United States District Court
Northern District of California

later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*

**A. Prior Denials of *In Forma Pauperis* Status**

Plaintiff is a frequent litigant. Plaintiff has filed at least thirty-nine cases in the Eastern District of California, *see*, *e.g.*, *Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.*, C No. 17-cv-00084-AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB. He has filed at least twelve cases in the Northern District, including the instant action. *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; *Cruz v. Ortiz*, C No. 20-cv-00176; *Cruz v. Chandler*, C No. 20-cv-3421; *Cruz v. Bedusa*, C No. 22-cv-00670; *Trujillo Cruz v. Etzel*, C No. 22-3742; *Cruz v. Valdez*, C No. 22-4627; *Trujillo Cruz v. Calderon*, C No. 22-5556; and *Trujillo Cruz v. Davis*, C No. 22-6219. In *Gutierrez*, *Kumbat*, *Pierston*, *Ford*, *Ortiz*, *Chandler*, and *Bedusa*, the Court denied him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), finding that Plaintiff had at least three cases dismissed that counted as "strikes"[1] and had not demonstrated that he qualified for the imminent danger exception. *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020)

[1] The Court found that the following cases counted as strikes: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

(revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022). Because Plaintiff has suffered at least three cases dismissed that count as "strikes," pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates that he is in imminent danger of serious physical injury at the time he filed the complaint.

**B. Complaint**

The complaint names PBSP control booth officer Simpson as a defendant and makes the following allegations.

From Plaintiff's arrival at PBSP on December 5, 2016, thru December 22, 2019, defendant Simpson, along with his coworkers Jackson, Kreth, Bacley, Medina, Nunez, Palacios, Sanchez, Eckelbarger, R. Sanchez Jr., Bonilla, Wilson, Lampsey, Chapa, Ochoa, Cardeanas, and Carillo, threatened daily to assault him or order an assault on him. These threats were in retaliation for the grievances that Plaintiff has filed against PBSP prison officials for sexual harassment, provoking violence, and prodding him into physical altercations on the main yard. Plaintiff's grievances have been denied, with a finding that staff has not engaged in inappropriate behavior or misconduct. The denials indicate that defendant Simpson and his coworkers have conspired with state prison investigation service unit staff and the Office of Internal Affairs' investigation services unit to cover up the verbal threats made by defendant Simpson and his co-workers. On May 26, 2022, Plaintiff overheard defendant Simpson "with 'anonymous resources' coming to an agreement between two or more persons to participate in illegal act of an assault towards [Plaintiff.]" Dkt. No. 1 at 3. That same day, during yard release, defendant Simpson threatened Plaintiff with a beating. On May 27, 2022, Plaintiff was assaulted by inmates Robles and Lopez. Plaintiff sustained serious injuries from the assault. Prison officials re-housed Plaintiff in a

separate building from inmates Robles and Lopez, but had Plaintiff continue to program with inmates Robles and Lopez, in violation of prison regulations. Soon after the assault, Defendant Simpson again threatened Plaintiff with assault. Defendant Simpson no longer works on Facility B yard, where Plaintiff is housed, but he has ordered his co-workers on Facility B to get Plaintiff attacked. *See generally* Dkt. No. 1 at 1-8.

Plaintiff has attached 59 pages of exhibits to his complaint. The exhibits consist of the rules violation report for the fighting charge that he received in connection with the May 27, 2022 assault; Grievance No. PBSP-20-00958, which appeals the cancellation of Grievance No. PBSP-19-02899; Grievance No. PBSP-19-02899, which alleges that since he returned from out-of-court proceedings, various prison officials threaten him daily with physical harm; Grievance No. PBSP-17-0056, which alleges that various correctional officials threatened to assault him; and Grievance No. 17-00141, which makes the same allegations as Grievance No. PBSP-17-0056.

**C. Allegation of Imminent Danger**

Plaintiff alleges that he has demonstrated imminent danger of serious physical injury at the time he filed this complaint because he has alleged that: (1) on May 26, 2022, he overhead defendant Simpson conspiring with others to have him assaulted; (2) he was assaulted on May 27, 2022 at defendant Simpson's direction; (3) after the assault, defendant Simpson threatened him with battery; and (4) although defendant Simpson no longer works at Facility B, he has directed his co-workers on Facility B to assault Plaintiff or arrange for Plaintiff's assault. These allegations do not support an inference that Plaintiff faced imminent danger of serious physical injury from defendant Simpson on August 22, 2022, the date Plaintiff provided the complaint to prison authorities for mailing. Dkt. No. 1-2 at 2. Defendant Simpson no longer works on Facility B and Plaintiff has not suffered any assault since May 27, 2022, despite his claim that defendant Simpson has directed his co-workers on Facility B to assault Plaintiff or arrange for Plaintiff's assault. Even if defendant Simpson is linked to the May 27, 2022 assault,[2] there are no allegations

[2] Plaintiff's allegation that Defendants ordered the May 27, 2022 attack is suspect. In his other recently-filed lawsuits, Plaintiff identifies different prison officials as responsible for this attack and always makes these allegations for the purpose of satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. § 1915(g). In other words, Plaintiff appears to

from which it can be reasonably inferred that another assault orchestrated by defendant Simpson was imminent on August 22, 2022, three months after the May 2022 assault.

Plaintiff's claim of imminent danger of serious physical injury from defendant Simpson at the time he filed the complaint is speculative and fanciful. *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful"). Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**CONCLUSION**

For the reasons set forth above, the Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this order, show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: 10/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

use the May 27, 2022 assault to circumvent the three-strikes provision of 28 U.S.C. § 1915(g) by claiming that the defendant(s) named in the lawsuit ordered the assault, even though the altercation involved only inmates and there are no allegations explaining how inmates Robles and Lopez are linked to the named defendant(s). For example, in C No. 22-0670, *Cruz v. Bedusa*, Plaintiff alleges that PBSP correctional officer Bedusa ordered the May 27, 2022 attack; in C No. 22-cv-4627 HSG, *Cruz v. Valdez, et al.*, Plaintiff alleges that PBSP correctional officer Valdez, Chapa and Declue ordered the May 27, 2022 attack; and in C No. 22-cv-5556 HSG, *Cruz v. Calderon, et al.*, he alleges that PBSP correctional officers Calderon, Hamilton, Ford, Nelson and Cena ordered the May 27, 2022 attack.